UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIK FELIPE MERCADO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C24-15RSL

ORDER DENYING
PETITIONER'S § 2255
MOTION

This matter comes before the Court on petitioner Erik Mercado's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Dkt. # 1. The Court, having considered the submissions of the parties and the remainder of the record, finds as follows:

## I.    Government's Motion for an Extension

As an initial matter, the Court GRANTS the Government's motion for an extension of time to file an answer (Dkt. # 5).

## II.    Background

In September 2022, Mercado pleaded guilty to Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2. CR21-81RSL, Dkt. # 21. Mercado's plea agreement contained appellate and collateral-review waivers:

> Defendant further agrees, that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:
>     a.        Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court. . .

ORDER DENYING PETITIONER'S § 2255 MOTION
- 1

b.      Any right to bring a collateral attached against the conviction and sentence, including any restitution order imposed, except as it may related to the effectiveness of legal representation.

CR21-81RSL, Dkt. # 21 ¶ 16. Mercado's Sentencing Guidelines range was calculated as 51–63 months based on a Total Offense Level of 17 and Criminal History Category VI. CR21-81RSL, Dkt. # 25 ¶¶ 18–26, 37–43, 81. The Court imposed a 42-month sentence to run concurrently with the sentence imposed in *United States v. Erik Mercado*, No. 14-82RSL, and consecutively to the sentence imposed in *State v. Mercado*, Skagit County Superior Court, No. 20-1-00755-29. CR21-81RSL, Dkt. # 30.

### III.    Section 2255 Motion

Mercado moves to vacate his sentence, arguing that his counsel was ineffective for failing to challenge the constitutionality of Section 922(g). Dkt. # 1. To succeed on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel's performance is deficient when it falls below an objective standard of reasonableness. *Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012). Deficient performance is prejudicial when there is a reasonable probability that, but for counsel's conduct, the result of the trial would have been different. *Strickland*, 466 U.S. at 689.

To determine whether performance was deficient, the Court first examines the viability of a constitutional attack on Section 922(g). Section 922(g) makes it unlawful "for any person-- who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Relatedly, the Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. In *District of Columbia v. Heller*, the Supreme Court held that the right to "keep and bear arms" is an individual right protected by the Second Amendment. 554 U.S. 570, 595 (2008). It clarified that "the right secured by the Second

Amendment is not unlimited," *id.* at 626, and should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 572. The Court emphasized that such restrictions are "presumptively lawful regulatory measures." *Id.* at 627 n.26. Two years later, the Court confirmed its holding in *McDonald v. City of Chicago*, where it "made it clear in *Heller* that [its] holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill." 561 U.S. 742, 786 (2010) (quotations omitted).

Relying in part on that precedent, the Ninth Circuit in *United States v. Vongxay*, upheld the constitutionality of Section 922(g) as applied to felons, holding that because "felons are categorically different from the individuals who have a fundamental right to bear arms," Section 922(g)(1) "does not violate the Second Amendment as it applies to . . . a convicted felon." 594 F.3d 1111, 1115–18 (9th Cir. 2010). The Ninth Circuit affirmed its holding in similar cases thereafter. *See United States v. Phillips*, 827 F.3d 1171, 1175 (9th Cir. 2016); *Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014). To the Court's knowledge, no Ninth Circuit case or district court case in this circuit has reached a different result.

Because *Vongxay* is binding on this Court,[1] it is fatal to Mercado's argument. Accordingly, counsel's failure to make the argument was not objectively unreasonable nor prejudicial. *See e.g.*, *Vongxay*, 94 F.3d at 1114; *Phillips*, 827 F.3d at 1175.

**IV.    Conclusion**

For the foregoing reasons, petitioner's § 2255 motion to vacate, set aside, or correct his sentence (Dkt. # 1) is DENIED.

---

[1] This Court, like others in this circuit, rejected the argument that the Supreme Court's recent holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) implicitly overruled *Vongxay. See United States v. Jackson*, 656 F. Supp. 3d 1239, 1241 (W.D. Wash. 2023) ("The Court is not convinced that the approach announced in *Bruen* is 'clearly irreconcilable' with *Heller* and the Ninth Circuit precedent that relied on *Heller* to uphold the constitutionality of § 922(g)(1)."); *id.* at 1244 (collecting cases). Because this Court sees no reason to revisit its conclusion in *Jackson*, it reaffirms it here.

ORDER DENYING PETITIONER'S § 2255 MOTION
- 3

1    IT IS SO ORDERED.

2

3    DATED this 17th day of June, 2024.

4

5

6                              Robert S. Lasnik
                              United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PETITIONER'S § 2255 MOTION
- 4